UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO SENTELLE CAVIN,

        *Plaintiff*,

v.

HEIDI E. WASHINGTON, et al.,

        *Defendants*.

_____/

Case No. 2:21-cv-12535

District Judge
Gershwin A. Drain

Magistrate Judge
Anthony P. Patti

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#32], GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT [#22], OVERRULING PLAINTIFF'S OBJECTIONS [#36], AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT [#35]**

### I.    INTRODUCTION

This matter is before the Court on a Motion to Dismiss and for Summary Judgment (ECF No. 22) filed on March 23, 2022 by former Defendants Heidi Washington and Kenneth McKee[1] alongside Defendants Willis Chapman, George Stephenson, Kristopher Steece, Melanie Wright, and Unknown Jones, whose first name has since been identified as Pamela ("Defendants"). Plaintiff Mario Sentelle

---

[1] Former Defendants Washington and McKee were dismissed on November 4, 2022. (ECF No. 27, PageID.195 ¶ 6; ECF No. 29).

1

Cavin ("Plaintiff") filed a timely response on May 2, 2022 (ECF No. 25), and Defendants filed a timely reply on May 27, 2022 (ECF No. 26).[2] The Court referred this matter to Magistrate Judge Anthony P. Patti, who issued a Report and Recommendation on February 2, 2023. ECF No. 32. Judge Patti recommends that the Court grant the remaining Defendants' Motion to Dismiss. *Id*. at PageID.230.

The Court now considers Plaintiff's March 31, 2023 Objections to the Report and Recommendation. ECF No. 36. Defendants did not file a Response. Upon consideration, the Court finds that Judge Patti reached the correct conclusion.

The Court will OVERRULE Plaintiff's Objections [#36], ACCEPT AND ADOPT Judge Patti's Report and Recommendation [#32], and GRANT Defendants' Motion to Dismiss [#60]. Accordingly, the Court does not reach Defendants' Motion for Summary Judgment [#60]. The Court will also deny Plaintiff's Motion for Leave to File a Second Amended Complaint [#35] as futile.

## II.   BACKGROUND

The Report and Recommendation sets forth the facts and procedural posture of this case, and neither party objects to the recitation of the facts. ECF No. 32,

---

[2] "If filed, a reply brief supporting such a motion must be filed within 14 days after service of the response, but not less than 3 days before the motion hearing." E.D. Mich. LR 7.1(e)(2)(B). Ordinarily, Defendants' Reply to Plaintiff's May 2, 2022 Response (ECF No. 25) would have been due on May 16, 2022. However, Plaintiff's Response, although post-marked May 2, 2022, was not docketed until May 13, 2022. Accordingly, Defendants' May 27, 2022 Reply (ECF No. 26) is timely.

2

PageID.232-237. Thus, the Court incorporates them by reference and does not recite them here.

### III. PLAINTIFF'S OBJECTIONS

Plaintiff raises four objections to the Report and Recommendation. For the reasons discussed below, the Court overrules Plaintiff's objections.

**A. Legal Standard**

The Court reviews *de novo* the portions of a report and recommendation to which proper objections are made. Fed. R. Civ. P. 72(b)(3); *Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 580 (E.D. Mich. 2014) (holding that the standard of review for a magistrate judges' report and recommendation is *de novo*). A party's objections to a report and recommendation must be specific, and they must clearly state the grounds for each objection. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.") (Quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Objections not currently before this Court have not been preserved for appellate review. "[M]aking some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

3

### B. Objection One

Plaintiff first objects to Judge Patti's finding that his undirected allegations that do not mention a party or even reference "defendants" generally fail to state a claim. ECF No. 36, PageID.297-298. Judge Patti concluded that Plaintiff's generalized assertions "do[] not provide Chapman, Stephenson, Steece, Jones, and/or Wright with sufficient 'notice of his or her alleged wrongdoing.'" ECF No. 32, PageID.245 (quoting Fed. R. Civ. P. 8(a)(2)); *see* ECF No. 1, ¶¶ 16, 36, 38, 39. According to Plaintiff, each Defendant was given notice of Plaintiff's claims against them when he filed his grievances. ECF No. 36, PageID.298. Further, Plaintiff asserts that each Defendant "[was] aware of their actions" that lead to him contracting COVID-19. *Id*.

Plaintiff also contests Judge Patti's conclusion that Plaintiff cannot establish the subjective prong of his Eighth Amendment claims, which requires that an official "must know[] of and disregard[] an excessive risk to inmate health or safety." *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020).[3] According to Judge Patti, this claim is foreclosed because, as multiple courts have found, "the MDOC has taken significant measures to limit the threat posed by COVID-19." ECF No. 32, PageID.243 (quoting *Robinson v. Huss*, No. 2:21-CV-71, 2021 WL 1884541, at *6

---

[3] The Court believes that this argument should constitute a separate objection, but the Court will discuss it here for the sake of clarity.

(W.D. Mich. May 11, 2021)); *Hinton v. Skipper*, No. 1:21-cv-480, 2021 U.S. Dist. LEXIS 200710, at \*9 (W.D. Mich. Oct. 19, 2021). Plaintiff disagrees, arguing that Judge Patti failed to acknowledge his assertion that MDOC's COVID-19 policies are irrelevant because the Macomb Correctional Facility ("MRF") failed to enforce them. ECF No. 36, PageID.298.

Plaintiff's first argument is unpersuasive. Basic pleading standards require that "a plaintiff must attribute factual allegations to particular defendants." *Boone v. Garland*, Civil Action No. 21-cv-11492, 2023 U.S. Dist. LEXIS 25722, at \*4 (E.D. Mich. Feb. 15, 2023) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007)). And it is the longstanding view of this Circuit that allegations undirected to a particular defendant fall "far short of the standard that is needed to weed out meritless actions." *Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995). These requirements satisfy the simple "who did what" function of a complaint required to impose liability. Plaintiff cannot satisfy this pleading standard with his pre-litigation grievances, which informed Defendants of their alleged prison policy violations but failed to give Defendants notice of Plaintiff's claims under the law. Accordingly, for at least Plaintiff's unspecified allegations, the Complaint fails to state a claim. *Cowell v. Am. Red Cross Genesee-Lapeer Chptr.*, No. 12-15258, 2013 U.S. Dist. LEXIS 137254, at \*12 (E.D. Mich. Sep. 25, 2013) (Complaint was dismissed due to "lack of specificity as to which Defendants are alleged to have

committed the acts at issue."). [4]

Plaintiff's second argument must also fail. Contrary to Plaintiff's assertion, Judge Patti sufficiently addressed his claim that MRF failed to enforce the COVID-19 guidelines proposed by the CDC and the MDOC. *See* ECF No. 32, PageID.244 ("For example, several paragraphs tak[e] issue with a failure to protect, to act, and/or 'implement comprehensive safeguards, protocols, procedures and/or measures . . .'"); *Id*. at PageID.249-250 ("As to enforcement and implementation of guidelines and mandates, Plaintiff argues that Defendants 'refused to ensure the CDC guidelines were being enforced in each housing unit.'"). Judge Patti found that these allegations do not state a claim because they either "do not name a specific defendant" (*Id*. at PageID.244) or because they successfully named Defendants Stephenson and Steece but "do not allege a sufficiently culpable state of mind." *Id*. at PageID.251. Plaintiff does not address these conclusions here. Accordingly, the Court will overrule Plaintiff's first objection.

---

[4] The Court recognizes that Plaintiff proceeds pro se and so construes his complaint liberally. *See Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019). Nonetheless, "we may not fill in missing allegations ourselves." *Id*. at 290 (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (stating that federal courts have not "been willing to abrogate basic pleading essentials in pro se suits")).

**C. Objection Two**

Plaintiff next objects to Judge Patti's statement that "at the time of [Plaintiff's] March 18, 2020 letter, testing positive for coronavirus was speculative." ECF No. 36, PageID.298; *see* ECF No. 32, PageID.251. According to Plaintiff, "the likelihood of contract[ing] COVID in prison was extremely high," too high for the risk to be considered speculative. *Id*. This is not a proper objection. Though styled as a factual dispute, Plaintiff merely disagrees with Judge Patti's characterization of the coronavirus risk at MRF during the relevant period. Attempting to construe Plaintiff's objection broadly,[5] the Court understands that Plaintiff may be objecting to Judge Patti's conclusion that Defendants did not "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year" because the risk of contraction was speculative. *See* ECF No. 32, PageID.251 (quoting *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480 (1993)). Even under this interpretation, Plaintiff's three-sentence objection does not discuss plaintiff's contrary position or analyze a central issue. *Jessie v. Phaneuf*, No. 21-cv-11201, 2023 U.S. Dist. LEXIS 15511, at *2 (E.D. Mich. Jan. 30, 2023) ("[O]bjections must be clear so that the district court can 'discern those issues that are dispositive and contentious.'"). Thus, the Court will

---

[5] *Jessie*, 2023 U.S. Dist. LEXIS 15511, at *3 ("Because [plaintiff] is self-represented, the Court will construe his objection liberally.").

overrule Plaintiff's objection because it does not "permit the Court to squarely address [it] on the merits." *Id*. at *2-3.

### D. Objection Three

Third, Plaintiff objects to Judge Patti's finding that Plaintiff's "specific allegations against Chapman, Stephenson, and Steece . . . do not allege a sufficiently culpable state of mind." ECF No. 36, PageID.298-299; *see* ECF No. 32, PageID.251-252. Plaintiff asserts that he has presented sufficient evidence by showing that these Defendants (1) ignored his two letters regarding the prison's COVID-19 response and (2) made remarks to himself and other inmates that suggest "either active involvement or knowingly acquiescing to the violation." ECF No. 36, PageID.299. The Court disagrees and finds that Plaintiff fails to "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs . . ." *Palladeno v. Mohr*, No. 20-3587, 2021 U.S. App. LEXIS 27471, at *6 (6th Cir. Sep. 13, 2021).

Judge Patti considered Plaintiff's specific claims against Chapman, Stephenson, and Steece (ECF No. 32, PageID.248) and correctly concluded that Defendants' alleged acts of ignoring Plaintiff's letters and dismissing inmates' complaints about unenforced health guidelines fall short of demonstrating deliberate indifference. *See* ECF No. 32, PageID.250-251. As the Report and Recommendation makes clear, a finding of deliberate indifference requires some showing that

8

Defendants chose, among their other options, the course of action that they knew posed a substantial risk of serious harm. *Dickerson v. Ky. Corr. Psychiatric Ctr.*, No. 17-5412, 2017 U.S. App. LEXIS 20061, at *5 (6th Cir. Oct. 12, 2017) ("[T]he subjective component requires a prisoner to show that a defendant knew that the prisoner faced 'a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measure to abate it.'"). Complaints that omit such allegations cannot demonstrate deliberate indifference and must be dismissed. ECF No. 32, PageID.251-252 (collecting cases) (highlighting that courts have dismissed complaints that failed to allege that a prison chose not to implement social distancing even though the prison "had enough physical space" or that failed to allege that defendants "made a deliberate choice to follow a course of inaction from among various alternatives.").

Plaintiff, however, never alleges that the prison *could have* executed the measures outlined in his letters. Plaintiff does not allege that the prison had the physical space to implement six-feet-apart social distancing or that it had the capacity to "issue each prisoner a single-person cell" in accordance with applicable guidelines. ECF No. 1, ¶ 25. Without such allegations, the Court cannot determine that the conditions Plaintiff complains of resulted from deliberate indifference or from the limitations posed by the facility. Accordingly, the Court will overrule Plaintiff's third objection.

### E. Objection Four

Lastly, Judge Patti found that Plaintiff's claims against Defendants Wright and Jones fail to allege that Defendants acted with a "sufficiently culpable state of mind" under the Eighth Amendment. ECF No. 32, PageID.254. Plaintiff objects, stating that Defendants repeatedly denied him cleaning supplies when he needed them and that "Wright and Jones had no other purpose for denying Cavin . . . cleaning supplies other than being deliberately indifferent." ECF No. 36, PageID.300. Plaintiff relies on evidence that, instead of distributing cleaning materials, Defendants allegedly responded "ask the next shift" to his requests. *Id*. The Court agrees with Judge Patti; Defendants' alleged actions do not demonstrate deliberate indifference.

Plaintiff's objection fails for two reasons. First, as discussed with respect to objection three, Plaintiff does not successfully allege that Defendants Wright and Jones knowingly behaved in a way that posed a substantial risk of harm. *See Crawford v. Washington*, No. 4:17-CV-11423, 2017 WL 8810687, at *8 (E.D. Mich. Nov. 7, 2017) (Patti, M.J.) ("Plaintiff has not alleged that Defendant [] made a deliberate choice to follow a course of inaction from among various alternatives and was correspondingly indifferent . . ."). Plaintiff asserts that he was only given cleaning supplies "once or twice" while in the COVID unit, but he does not allege, for example, that Defendants knew that the allotted cleaning materials were

10

insufficient. ECF No. 1, PageID.8. Plaintiff does not allege that his cell would not get cleaned (by prison cleaning staff, for example) if he was not given more supplies by Defendants Wright and Jones. He also does not describe what "supplies" he was given or explain why he believed he needed more than he was allocated. Rather, Plaintiff asserts only that his requests for cleaning supplies were flippantly denied by Defendants Wright and Jones. ECF No. 1, ¶ 34. These facts do not rise to the level of a constitutional violation.

To be sure, Plaintiff argues that his case is controlled by the Sixth Circuit's ruling in *Taylor v. Officer Melanie Wright*, wherein an inmate plaintiff alleged that, after testing positive for COVID-19, he was housed in the COVID-19 unit for 20 days and denied cleaning supplies, denied access to his mail, forced to shower in unsanitary conditions, denied a change of clothes, and denied nutritionally appropriate food despite being diabetic. No. 22-1175, 2022 U.S. App. LEXIS 35974, at *1-2 (6th Cir. Dec. 30, 2022). Plaintiff is incorrect. The Court in *Taylor* did not determine that the facts alleged "show[ed] a pattern of deliberate indifference." ECF No. 36, PageID.300. The *Taylor* court did not reach the merits at all, in fact, as the court decided only whether the plaintiff had exhausted his administrative remedies before filing suit. *Taylor*, 2022 U.S. App. LEXIS 35974, at *5.[6] Accordingly, this

---

[6] The *Taylor* court found that the plaintiff had exhausted his administrative remedies and remanded the case back to the district court for further proceedings. There, the court adopted the magistrate judge's report and recommendation granting the

11

case offers no support to Plaintiff's claim.

Plaintiff also relies on *Valentine v. Collier*, for the proposition that prisons cannot "inexplicably discard their own rules" and ignore inhumane conditions of confinement. 140 S. Ct. 1598, 1600 (2020). There is substantial evidence that the conditions imposed by the coronavirus were not ignored. As Judge Patti notes, "this allegation is addressed by the *MDOC's* 'significant measures to limit the threat posed by COVID-19[,]' includ[ing] increased production of soap, plentiful access to soap, and distribution of soap. ECF No. 32, PageID.254.

Second, Plaintiff's objection demonstrates a mere disagreement with the amount of cleaning supplies he was allocated. As another court explained when discussing whether a failure to test an inmate for COVID-19 constitutes deliberate indifference, "[p]laintiff in this case does not allege a complete lack of medical treatment: he asserts he did not receive the specific test he desired . . . But plaintiff's disagreement . . . is insufficient to establish" deliberate indifference. *Brown v. Penick*, No. 1:22-CV-P99-GNS, 2022 U.S. Dist. LEXIS 200452, at *11 (W.D. Ky. Nov. 3, 2022) (quoting *Laferriere v. Bodwell*, No. 3:21-cv-05174-BHS-TLF, 2022 U.S. Dist. LEXIS 26448, at *9 (W.D. Wash. Jan. 11, 2022)). Similarly, Plaintiff does

---

defendants' motion to dismiss, which found that the plaintiff's "allegations fail to meet both the objective and subjective components necessary to state a claim for an Eighth Amendment violation." *Taylor v. Wright*, No. 20-13041, 2023 U.S. Dist. LEXIS 133155, at *5 (E.D. Mich. Aug. 1, 2023).

not allege that he was barred access to cleaning supplies entirely. He asserts that he was "provided cell cleaning materials once or twice" while in the COVID wing. ECF No. 1, PageID.8. These scant details do not demonstrate deliberate indifference. Again, Plaintiff does not detail what or how many supplies he was given, how he was instructed to use them, or why the amount he was given was not enough. *See Id*. In fact, it is not clear from Plaintiff's Complaint that the supplies he was allocated were insufficient at all. Thus, Plaintiff's allegations demonstrate only that he disagreed with the course of action taken by Defendants—not that inhumane action was taken. Such a disagreement cannot alone support an Eighth Amendment claim. As such, the Court will overrule this objection.

### IV. PLAINTIFF'S MOTION TO AMEND

Six weeks after the Report and Recommendation was entered, Plaintiff filed a Motion for Leave to File a Second Amended Civil Rights Complaint on March 21, 2023. ECF No. 35. With this proposed second amendment, Plaintiff seeks to "correct the defects outlined in the [Report and Recommendation]." *Id*. at PageID.263. Plaintiff's proposed Second Amended Complaint allegedly addresses Judge Patti's findings that the Complaint (1) does not provide Defendants notice of the claims against them and (2) fails to satisfy the subjective prong of Plaintiff's deliberate indifference claim. *Id.* at PageID.263-264; *see* ECF No. 32, PageID.242-246. Defendants filed their Response on April 4, 2023, arguing *inter alia* that Plaintiff's

13

proposed second amendment should be denied as futile. ECF No. 38, PageID.311. The Court agrees with Defendants. For the forthcoming reasons, the Court will deny Plaintiff's Motion.

### A. Legal Standard

Plaintiff's proposed Second Amended Complaint corrects several of his prior allegations but also asserts new violations that occurred between December 2021 and March 2022 (ECF No. 35, PageID.275), after Plaintiff filed his October 2021 Complaint. *See* ECF No. 1. Thus, Plaintiff's motion is controlled by both Rule 15(a) of the Federal Rules of Civil Procedure, which governs amended pleadings, and Rule 15(d), which governs supplemental pleadings.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a district court may grant leave to amend a complaint "when justice so requires." If the proposed pleading sets out "any transaction, occurrence, or event that happened after the date" of the original pleading, then a court may grant a motion to supplement. Fed. R. Civ. P. 15(d). The decision to grant either motion "is within the sound discretion of the district court," and "the standard for granting leave to amend under Rule 15(a) is identical to the standard governing leave to supplement under Rule 15(d)." *EQMD, Inc. v. Farm Bureau Gen. Ins. Co.*, No. 19-13698, 2021 U.S. Dist. LEXIS 41521, at *29 (E.D. Mich. Mar. 5, 2021).

When determining whether to grant a motion to amend or supplement, the

Court considers whether there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment." *United States v. Russell*, No. 00-75597, 2002 U.S. Dist. LEXIS 21003, at *5 (E.D. Mich. Aug. 22, 2002) (quoting *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382 (6th Cir. 1993)). Here, the Court determines whether Plaintiff's request is futile. An amended complaint "is futile when the proposed amendment would not survive a motion to dismiss." *Hess v. Metro. Life Ins. Co.*, No. 13-cv-10696, 2014 U.S. Dist. LEXIS 197883, at *2 (E.D. Mich. Aug. 27, 2014) (citing *Thiokol Corp*. 987 F.2d at 383).

### B. Plaintiff's Amended Claims

Plaintiff's proposed amended statements of fact, events allegedly occurring prior to the October 2021 Complaint, are largely identical to his original claims. In fact, only paragraphs 34–36 contain substantially amended assertions. ECF No. 35, PageID.273-274. In paragraph 34, Plaintiff amends his original allegation that Defendants Wright and Jones told him to "ask the next shift" when he requested new cleaning supplies by also alleging that the officers "knew of their duty to provide cleaning supplies as mandated in Policy Directive 03.03.130(B)(1) . . ." ECF No. 1, PageID.8; ECF No. 35, PageID.273. Paragraph 35 describes an instance when the

15

prison mistakenly distributed incorrect COVID test results. ECF No. 35, PageID.274. And paragraph 36 relays Defendant Stephenson's alleged statement that some prisoners who had not tested positive were quarantined with and subsequently infected by sick prisoners. *Id*.

None of these assertions cure the deficiencies identified in the Report and Recommendation. To start, even if Defendants Wright and Jones believed that Policy Directive 03.03.130(B)(1) requires them to provide cleaning supplies at Plaintiff's request, which the Court does not believe it does, Plaintiff still fails to allege "a sufficiently culpable state of mind" for the reasons discussed above in Section III-E. *See* ECF No. 32, PageID.254. The claims in paragraph 35 do not identify a particular Defendant, so they also fail as "allegations or claims not tied a specific party," a deficiency explained thoroughly in the Report and Recommendation and above in Sections III-B and C. ECF No. 32, PageID.242-244. Lastly, Plaintiff's quote in paragraph 36 illustrates, at most, the conditions prisoners may have been facing in housing unit 2. It does not support the conclusion that Defendant Stephenson caused or was deliberately indifferent to those conditions.

### C. Plaintiff's Supplemental Claims

The proposed Second Amended Complaint also describes an allegedly mishandled COVID outbreak that occurred after this litigation began, between December 2021 and March 2022. ECF No. 35, PageID.274-275. Plaintiff explains

that inmates were provided thin cloth masks, that testing and cleaning protocols were seemingly nonsensical or insufficient, that prisoners were moved around the prison without much care, and that Plaintiff's requests for clarity were either ignored or flippantly dismissed. *Id.*

These new allegations suffer from the same deficiencies that Judge Patti identified in the original Complaint. Of the six new paragraphs, paragraphs 38–41 and 44 do little more than "take[] issue with the conditions of confinement at MRF, such as the inability to adequately socially distance, denial or delay of medical treatment, inadequate access to soap, inadequate cleaning supplies, or not having access to necessary hygiene services." ECF No. 32, PageID.242. Additionally, paragraphs 42 and 43 complain of Plaintiff's unacknowledged or dismissed attempts to seek clarity about the prison's COVID response. ECF No. 35, PageID.275. As the explained in the Report and Recommendation, the fact that Plaintiff's letters were ignored or that Defendant Stephenson refused to answer Plaintiff's question in the hall "do[es] not allege a sufficiently culpable state of mind" necessary to support and Eighth Amendment violation. ECF No. 32, PageID.251. Like Plaintiff's similar allegations in the original Complaint, "Plaintiff has not alleged that [Defendant] made a deliberate choice to follow a course of inaction from among various alternatives, and was correspondingly indifferent to" Plaintiff's rights. *Crawford v. Washington*, No. 4:17-CV-11423, 2017 WL 8810687, at *8 (E.D. Mich. Nov. 7,

17

2017) (Patti, M.J.); *see supra* Section III-D.

Accordingly, the Court finds that Plaintiff's proposed Second Amended Complaint would not survive a motion to dismiss and must be dismissed as futile.

## V. CONCLUSION

For the foregoing reasons, the Court will ACCEPT and ADOPT Magistrate Judge Patti's Report and Recommendation [#32] as this Court's findings of fact and conclusions of law. Defendants' Motion to Dismiss [#22] is GRANTED, and Defendants are dismissed WITH PREJUDICE.

Plaintiff's Objections [#36] are OVERRULED.

Defendants' Motion for Summary Judgment [#22] is DENIED as moot.

Plaintiff's Motion for Leave to File a Second Amended Civil Rights Complaint [#35] is DENIED as futile.

**IT IS SO ORDERED**.

Dated: September 7, 2023                 /s/ Gershwin A. Drain
                                                          GERSHWIN A. DRAIN
                                                          U.S. DISTRICT JUDGE

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 7, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager